William GREENE

v.

**LAM AMUSEMENT COMPANY et al.**

Civ. A. 5287.

United States District Court
N. D. Georgia, Atlanta Division.

March 9, 1956.

Ryan & Ryan, Boston, Mass., Tyler & Tyler, Atlanta, Ga., for plaintiff.

Troutman, Sams, Schroder & Lockerman, M. Neil Andrews, Atlanta, Ga., Clinton J. Morgan, Rome, Ga., Sutherland, Asbill & Brennan, Atlanta, Ga., for defendant.

SLOAN, District Judge.

It appears that under a notice given on behalf of the distributor defendants, the deposition of William Greene, plaintiff, was taken in Atlanta beginning December 5, 1955. A subpoena duces tecum had been served on Mr. Greene requiring him to be present and to bring with him certain specified documents on a previous date but by agreement of counsel the date had been postponed until December 5, 1955.

Item 3 of the documents specified in the subpoena duces tecum was as follows:

"3. Copies of all Federal and State of Georgia Income Tax Returns filed by Plaintiff covering the period from January 1st, 1947, through December 31st, 1954, involving the operation of the Palmetto Theatres in Palmetto, Georgia."

Plaintiff, in responding to the said subpoena duces tecum at the deposition commencing December 5, 1955, produced copies of his 1954 Federal and State of Georgia Income Tax Returns but stated that he had no copies of such returns for the years 1948 to 1953 inclusive and that they may have been destroyed by a fire in the Palmetto Theatre on or about April 16, 1954 which destroyed many of his records.

Counsel for the distributor defendants requested Mr. Greene to authorize him to secure copies of income tax returns for the years prior to 1954 from the Federal and State of Georgia Income Tax authorities. This request was refused by counsel for plaintiff on the ground that such income tax statements "are privileged and confidential".

Counsel for the distributor defendants asked Mr. Greene if he would secure them himself upon tender of the expenses of securing them and then make them available under the notice to produce and the subpoena duces tecum. Mr. Greene, through his counsel, refused.

Item 4 of said subpoena duces tecum called for the production of the following:

"4. All books or other records kept by the plaintiff showing details of motion picture films exhibited in the Palmetto Theatre in Palmetto, Georgia, from the opening of the said theatre (claimed in the complaint to be in January, 1948) to the date plaintiff ceased to operate said theatre (claimed in the complaint to be in April, 1954), including the names of the feature pictures shown, dates of exhibition, receipts from performances, the names of the distributors from which such motion pictures were licensed, the license fees paid for such motion pictures, changes in programs in said theatre, and receipts from refreshments sold in said theatre."

The records produced by Mr. Greene were incomplete and insufficient to furnish records of the complete period as to receipts from admissions in the operation of the theatre. Mr. Greene testified he had no other records and many were destroyed in the fire above-mentioned. The federal amusement or admission tax returns, required to be made monthly, should contain information as to admissions.

When counsel for these defendants asked for copies of the returns made by Mr. Greene for the federal amusement tax on admissions, Mr. Greene stated that he had no copies and Mr. Greene's attorney stated that no authorization would be given to defendants to secure copies stating, "We feel that anything relating to tax returns, whether income or amusement tax, is a confidential matter between the person making the return and the Commissioner of Internal Revenue."

Plaintiff, in the complaint, claims (see ¶ 26) that by reason of the claimed conspiracy of the defendants he has been grievously injured and damaged in his business and property and:

"Plaintiff has been compelled to pay excessive and unreasonable prices for films of the distributor defendants exhibited by him. He has lost the patronage of the public to a considerable degree; he has suffered serious and permanent damage to the good-will of his business; and he has lost profits and sustained losses he would not have lost or sustained except for the aforesaid unlawful combination and conspiracy."

The income tax returns and the admission tax returns may be pertinent evidence on the question of the damages claimed to have been suffered by plaintiffs.

Good cause has been shown. The plaintiff, having made his earnings an issue, cannot now contend that these records are confidential information in this case.

The available books and records kept by the plaintiff do not furnish sufficient information on the question at issue. None of the documents or tax returns listed in the motion is under the facts subject to any claim of privilege.[1]

The motion of the defendants to require the plaintiff to obtain and produce copies of the income tax and admission tax returns is granted and the plaintiff is directed to obtain and produce such copies without undue delay.

[1]. Paramount Film Distributing Corp. v. Ram, D.C., 91 F.Supp. 778; Tollefsen v. Phillips, D.C., 16 F.R.D. 348.