Bishop D. Ward NICHOLS

v.

The PHILADELPHIA TRIBUNE COM-
PANY, Inc.

Civ. A. No. 19919.

United States District Court
E. D. Pennsylvania.

June 6, 1958.

Lewis Tanner Moore, Philadelphia, Pa., for plaintiff.

Charles Wright, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

In this libel action, defendant has excepted to certain answers given by plaintiff to interrogatories propounded by defendant and has moved to compel further answers by plaintiff to said interrogatories. Plaintiff opposes this motion, stating that the interrogatories under discussion are irrelevant, unduly burdensome, and subject him to embarrassment. Cf. F.R.Civ.P. 30(b) and 33, 28 U.S.C.A.

Plaintiff's objections to the interrogatories overlook the principle that answers to interrogatories are not necessarily admissible at the trial. Webster Motor Car Co. v. Packard Motor Car Co., D.C.D.C.1954, 16 F.R.D. 350, 351; Gutowitz v. Pennsylvania R. Co., D.C.E. D.Pa.1945, 7 F.R.D. 144. If the question is germane and there is some possibility that the answer will lead to the production of relevant evidence, the interrogatory is not objectionable. Bogaev v. Murta, Appleton Co., D.C.E.D.Pa.1955, 18 F.R.D. 437, 438.

In an action for defamation, the defendant has the burden of proving, if these issues are properly raised, (a) the truth of the defamatory communication, (b) the privileged character of the occasion on which it was published, and (c) the character of the subject matter of defamatory comment as of public concern. Montgomery v. Dennison, 1949, 363 Pa. 255, 263, 264, 69 A.2d 520; Restatement, Torts, § 613(2). Therefore, if some of the questions do not appear to be related to the time of the alleged injury, they might aid defendant in carrying one or more of the above-named burdens of proof or in establishing evidence appropriate in defense of the action.

Although the case of Bausewine v. Norristown Herald, 1945, 351 Pa. 634, 647, 41 A.2d 736, stated that on the question of punitive damages the reputation of the plaintiff is not an issue, that case emphasized the fact that *actual* malice was involved. See, also, Montgomery v. Dennison, 1949, 363 Pa. 255, 69 A.2d 520. Whether such malice is present under the facts of this case, even if lia-

bility is determined, is not clear at the present time. Also, the damages claimed here are not solely punitive ones but also include general and compensatory damages. Restatement, Torts, § 620. On the issue of general damages, the reputation of the plaintiff is a definite issue and the defendant may show the plaintiff's bad reputation in order to mitigate such damages. Also, the amount of punitive damages may be affected by general or actual damage to plaintiff. Reagen v. O'Toole, 1944, 348 Pa. 364, 35 A.2d 55.

The interrogatories at issue are grouped below according to their contents and the possible issues on which the answers thereto might be used in the proceeding.

A. General Reputation—Interrogatories 1, 2, 4, 7, 11 and 12

Since this case concerns alleged defamation of character, the reputation of the plaintiff is pertinent thereto and evidence of general bad character or reputation of the plaintiff is admissible in mitigation of damages. Bausewine v. Norristown Herald, 1945, 351 Pa. 634, 646, 41 A.2d 736; Restatement, Torts, § 620, including Comment A thereof; Restatement, Torts, § 621, including Comments B and C thereof.

Interrogatories 1(e), (f) and (g) and 11(c), which inquire into plaintiff's private life and his business dealings with his family and others, are proper under the rules because there is a possibility that facts bearing on his general reputation at the time of the publication will be elicited through the answers received.

Interrogatory 2, Sections (b), (c) and (d), are undoubtedly relevant. Since the reputation of the plaintiff would be best known, at least in matters of general reputation, to those who live in the community in which he actually resides, these questions relate to the issue of residence and the answers will lead the defendant to the proper geographical areas when it seeks information regarding the plaintiff's general reputation.

Sections (e) through (p) of Interrogatory 2 request the location of real estate owned by the plaintiff or held for his benefit by others, as well as that held by him in a fiduciary capacity, and the names of the beneficiaries of this latter group. The dates of purchase and consideration and information regarding mortgages are also requested. Even if the plaintiff has not resided in the communities in which these properties are located, he may have had business dealings with persons in those localities. The dates of purchase and the amounts paid will enable the defendant to know which particular community would be most aware of the character of the plaintiff and would also, perhaps, enable it to limit investigations of plaintiff's reputation at these localities to particular facts and circumstances. If Interrogatory 2(p) is shown to be burdensome by answers to the other interrogatories, plaintiff may apply for appropriate relief after filing answers to such interrogatories.

Sections (q) and (r) of Interrogatory 2 go to the matter of plaintiff's financial condition; Interrogatory 4 asks for his financial condition at the time he became Bishop; and Interrogatories 7, 11 and 12 seeks discovery of his manner of handling funds since his appointment. Since the plaintiff did not answer the part of Interrogatory 4 which asked when he was appointed Bishop in the A. M. E. Church, the number of years which is involved is not known. Bad reputation may not be established by showing of bad reputation at a time and place far removed from the date and situs of the alleged injury. Hopkins v. Tate, 1916, 255 Pa. 56, 60–61, 99 A. 210. However, the answers to the interrogatories could well show that persons dealing with the plaintiff on financial matters through the years regarded his reputation as bad up to the time of the alleged injury to said reputation.

The plaintiff has stated in the pleadings that he has been injured in the "high respect, confidence and esteem which he

has hitherto enjoyed among his associates" (Complaint, paragraph 9). Many of the interrogatories enumerated above might well tend to prove the truth or falsity of the above-quoted assertion by discovering some "associates" of the plaintiff.

B. Professional Standing and Loss of Gratuities—Interrogatories 3, 5, 11, 12 and 13

■ The plaintiff alleges that his professional standing has been harmed through the publication at issue. Where words are actionable, per se, as affecting plaintiff in his business or occupation, he is entitled to recover damages for the resulting general loss or falling off of his business or injury to his occupation. Morgan v. Bulletin Co., 1952, 369 Pa. 349, 85 A.2d 869.

■ Interrogatories 3(c) and (f), 5, 11, 12 and 13 bear upon his relationship with the church of which he is Bishop and the answers thereto might be of importance in determining whether any general loss to plaintiff's profession occurred and, if it did, whether said loss was the result of the publication of the article under consideration.

Special losses regarding gratuities could also be discovered by the answers to these interrogatories.

■ Interrogatories 3(e) and 6(c) ask for plaintiff's earnings, including those reported on his income tax returns. The objection to these interrogatories will be sustained, since plaintiff stated at the argument that he is making no claim whatever for any loss of earnings.

C. Other Litigation—Interrogatory 8

■ Interrogatory 8 questions the plaintiff about litigation in which he has been involved since becoming a Bishop. The subject matter of the article which is the basis of this suit concerns, in part, litigation in which the plaintiff filed certain affidavits. Therefore, the subject matter of, and the manner in which the plaintiff conducted himself in, former litigation might lead to the production of relevant evidence. The defendant's possible defense of privilege, based on reasonable cause, might be aided by the answers to this interrogatory.

Since the further answers to these interrogatories will involve very personal information and are calculated to discover possible illegal conduct of plaintiff which may not be relevant at the trial, plaintiff is entitled to be protected against harm from publicity of such data as possible former bad reputation which had been overcome by good reputation established prior to November 22, 1955,[1] by subsequent good conduct. Under F.R. Civ.P. 33 (adopting Rule 30(b)), answers may be sealed or other steps taken to protect a party from "embarrassment." It will be directed that the further answers which are ordered to be given by the plaintiff be placed in a sealed envelope and that their contents not be revealed by the defendant except by permission of the court, such as at the trial under such circumstances as the trial judge specifies.

Order

And now, June 6, 1958, it is ordered that within 45 days (1) plaintiff file further answers to defendant's Interrogatories 1(e), (f) & (g), 2(b) to (r), 3(c) & (f), 4, 5(b) & (c), 7(a) to (f), 8(a) to (f), 11(b) & (c), 12, and 13(a) & (b), in accordance with the foregoing Memorandum Opinion; (2) these further answers be placed in a sealed envelope in the Clerk's file and defendant not make public his copy of these answers until further order of this court; and (3) Interrogatories 3(e) and 6(c) need not be answered in view of the limitation of plaintiff's claim stated in the foregoing Memorandum Opinion; without prejudice to plaintiff's right to apply for relief if the answers to some of these interrogatories disclose that the answers to such interrogatories as 2(p) will be unduly burdensome.

---

1. This was the date of publication. Cf. Hopkins v. Tate, supra.