Neal M. PATTON, Jr.

v.

SOUTHERN BELL TELEPHONE AND
TELEGRAPH COMPANY.

Civ. A. No. 1710.

United States District Court
N. D. Georgia,
Rome Division.

Oct. 18, 1965.

Wade H. Leonard, Rossville, Ga., for plaintiff.

Rogers, Magruder & Hoyt, Rome, Ga., for defendant.

SIDNEY O. SMITH, Jr., District Judge.

This is a suit in which the plaintiff seeks to recover the sum of $1,370,250.00 as damages he contends he suffered as the result of a malicious prosecution on the part of the defendant of the offense of fraudulently charging a long distance telephone call to an unauthorized number. In the original petition, the plaintiff claims as a part of his damages that he has suffered:

" * * * great humiliation and embarrassment, shame, and disgrace among his friends, neighbors and business associates, great public scorn and ridicule, inconvenience and that his reputation for honesty and as a law abiding citizen (sic) has been greatly impaired, all to plaintiff's general damages in the sum of Five Hundred Thousand Dollars ($500,000.00). * * * "

The plaintiff also contends that as a result of the alleged malicious prosecution:

" * * * plaintiff was demoted in his business position from supervisor to a regular salesman, thus resulting in reduction and loss of earnings and income in the sum of One Hundred Twenty Thousand Dollars ($120,000.00). * * * "

The defendant propounded to the plaintiff under Federal Rule 33 the following written interrogatories:

"6. Beginning with 1945, list all of your places of residence, giving the street addresses and the approximate time that you resided at each address.

7. List any and all marriages giving the date of each marriage, the maiden name of your spouse, the place where the marriage occurred and if the marriage has been terminated, the date of termination and the location of the court where the divorce was granted.

8. Beginning in 1945, list each and every employment up to this date giving the name of your employer, the address of your employer, the place where you were employed, the type of work performed, the reason for termination of each employment, the salary, wages or commissions received in each employment.

9. Have you filed Federal income tax returns for the years 1960, 1961, 1962, 1963 and 1964. If you have filed returns, give the date of each year for which a return was filed and the place where the return was filed."

"10. Have you ever used any assumed name or alias. If you have state the name used.".

To each of these the plaintiff has objected "on the grounds that it relates to matters that are irrelevant, immaterial and not germane to the action." In addition, plaintiff objected to Interrogatory No. 8 on the ground that it would be burdensome or impossible for him to answer.

There is no question that the scope of discovery under the Federal Rules of Civil Procedure is to be liberally construed so as to provide both parties with information essential to proper litigation on all the facts. Hickman v. Taylor, (1947) 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; 4 Moore's Federal Practice § 26.15, page 1171.

In seeking damages as to his reputation for honesty and loss of earnings, the plaintiff has made these matters subject to discovery, and inquiry into

any matter which is relevant to these issues, or inquiry which reasonably may lead to relevant matter as to these issues are proper subjects under Rule 33. See Rule 26(d). Sinclair Refining Co. v. Jenkins Petroleum Process Co., (1933) 289 U.S. 689, 53 S.Ct. 736, 77 L.Ed. 1449; The Sultana (W.D.N.Y.1948), 77 F.Supp. 287; 4 Moore's Federal Practice § 26.18, page 1228.

It appears to this court that the answers to Interrogatories No. 6, 8, 9, and 10 are clearly relevant to the issues of plaintiff's loss of good reputation for honesty and loss of earnings.

 Interrogatory No. 6 as to plaintiff's former places of residence are relevant to the matter of his reputation. As was noted in Nichols v. Philadelphia Tribune Co. (E.D.Pa., 1958) 22 F.R.D. 89, an inquiry into residences of the plaintiff was relevant to find the general geographic areas in which to investigate the plaintiff's reputation. Therefore, the plaintiff will be required to answer Interrogatory No. 6 except that the answer will be limited to the past ten (10) years, past which period the relevance becomes doubtful.

Interrogatory No. 8 as to plaintiff's past employment is relevant to the matter of his loss of earnings. Financial data, including tax returns and statements of income from all sources, are subject to discovery where relevant to plaintiff's claim for damages, as in Wolf v. United Air Lines (M.D.Pa., 1949), 9 F.R.D. 271. The names and addresses of plaintiff's employers and dates of termination of employment were held to be subject to defendant's interrogatories in Whitkop v. Baldwin (D.Mass., 1939), 1 F.R.D. 169, where damage to the reputation of the plaintiff was in issue. Therefore, plaintiff will be required to answer Interrogatory No. 8, except that the answer will be limited to the past 10 years.

Interrogatory No. 9 as to plaintiff's income tax returns is relevant to his loss of earnings, and is subject to discovery. St. Regis Paper Co. v. United States (1961), 368 U.S. 208, 82 S.Ct. 289, 7 L.Ed.2d 240; Fulenwider v. Wheeler (5th Cir., 1958), 262 F.2d 97; Greene v. Lam Amusement Co. (N.D.Ga., 1956), 19 F.R.D. 213. Plaintiff will therefore be required to answer Interrogatory No. 9.

Interrogatory No. 10 as to plaintiff's use of an alias is relevant to an investigation of plaintiff's background and reputation, and plaintiff will be required to answer this Interrogatory.

Interrogatory No. 7 as to plaintiff's marital history presents no inquiry relevant to his reputation for honesty or his past earnings. Except as to his present marital status, the plaintiff will not be required to answer Interrogatory No. 7 without some showing that this inquiry might lead to discovery of relevant evidence.

It is so ordered.