The CAPITOL LIFE INSURANCE COMPANY, Appellee,

v.

Donald H. SCHNURE, Appellant, Consolidated American Investors Corporation.

No. 80–2125.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1981.

Decided Dec. 4, 1981.

John T. Ahlquist, argued, St. Louis, Mo., for appellant.

Frank N. Gundlach, argued, Thomas B. Weaver, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., for appellee.

Before GIBSON, Senior Circuit Judge, and McMILLIAN and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

Donald Schnure appeals the district court's[1] denial of his Rule 60(b) motion to set aside default judgments for compensatory and punitive damages. Because we find the motion to be untimely and improper, we affirm the judgment of the district court.

On November 6, 1978, The Capitol Life Insurance Company (Capitol) filed suit against defendants Donald Schnure and Consolidated American Investors Corporation (CAMICO) alleging breach of contract and fraud perpetuated through a scheme whereby Schnure sold Capitol's policies of insurance to customers as savings plans instead of life insurance plans. Capitol's complaint sought $151,738 in actual damages and $150,000 in punitive damages. Although service of process was obtained on November 7, 1978, neither Schnure nor CAMICO ever filed an answer to the complaint.

On December 6, 1978, Capitol served interrogatories upon both defendants. After neither answers nor objections to these interrogatories were forthcoming, on February 5, 1979, Capitol obtained a district court order compelling discovery on behalf of Schnure and CAMICO. Finally, on March 30, 1979, the defendants having failed to either answer the complaint or comply with the earlier discovery order, the district court entered a default judgment for actual damages against Schnure in the amount of $44,552.31 and against CAMICO in the amount of $107,185.69. Additionally, the court set Capitol's claims for punitive damages for subsequent hearing.

Schnure and CAMICO filed a "Motion to Set Aside Default Judgment"[2] with the court on May 15, 1979. On that same day,

in the presence of counsel for all parties, the court denied the defendants' motion, whereupon, despite knowledge of the ensuing punitive damage hearing scheduled for later that day, counsel for the defendants departed the courthouse. Thereafter, on June 25, 1979, upon consideration of the evidence adduced at the hearing, the district court, in a written memorandum and order, awarded punitive damages against the defendants in the sum of $150,000. Both Schnure and CAMICO subsequently filed, on July 25, 1979, another motion, this time to set aside the punitive damage award. This motion was denied on September 19, 1979. Neither district court order refusing to set aside the judgments for compensatory and punitive damages was appealed.

Subsequently, on June 24, 1980, fourteen months after entry of the original default judgment and nearly one year after entry of the punitive damage award, Schnure, now represented by different counsel, presented a new Rule 60(b) motion to the district court seeking to set aside both prior judgments. This final motion was denied on November 7, 1980, whereupon this timely appeal from that order ensued.

It is axiomatic that Rule 60(b) may not be used as a substitute for appeal. *See Polites v. United States*, 364 U.S. 426, 432–34, 81 S.Ct. 202, 206–207, 5 L.Ed.2d 173 (1960); *Ackermann v. United States*, 340 U.S. 193, 197–98, 71 S.Ct. 209, 211, 95 L.Ed. 207 (1950). Yet, in this case, Schnure has attempted to do just that. The grounds advanced by Schnure in his earlier motions are substantially identical to those presented to the district court in the subsequent June 24, 1980 motion.[3] Absent the presentation of any newly-discovered evidence or

---

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

2. Although not specifically denominated as such, the May 15 motion apparently sought relief under Rule 60(b) of the Federal Rules of Civil Procedure.

3. In support of his May 15, 1979 motion to set aside the default judgment, Schnure argued, in

part, that concurrent criminal proceedings prevented effective prosecution of his civil defense in order to "avoid revealing any potential defenses on the alleged criminal charges" and that the pending criminal proceedings arising from the transactions at issue in the civil action placed Schnure under "great mental duress" resulting in excusable neglect in defending the action. According to the district court, the arguments propounded in support of the defendants' subsequent motion to set aside the

reasoning, the latter motion was therefore clearly inappropriate and without substance. The district court did not abuse its discretion in declining to grant the requested relief.

Although the district court denied the June 24 motion upon consideration of the substantive grounds advanced by Schnure, we decline to address these arguments due to the untimeliness and impropriety of Schnure's motion.[4] Absent distinct, new grounds for consideration, Schnure's avenue for appellate relief from the default judgment, punitive damage award and orders refusing to set aside those judgments was through timely appeal thereof. Mindful that "[t]here must be an end to litigation someday * * *," *Ackermann v. United States, supra,* 340 U.S. at 198, 71 S.Ct. at 211, we hold that the district court did not abuse its discretion in denying relief under Rule 60(b).

Affirmed.[5]

---

punitive damage award were quite similar. Additionally, the defendants argued that under Colorado law they had a meritorious defense to the award of punitive damages where the activities in question also give rise to criminal liability.

In the combined, June 24, 1980 motion, Schnure argued that the judgments should have been set aside under Rule 60(b) for excusable neglect of counsel caused by concurrent prosecution of the criminal proceedings, inability to safeguard his constitutional, Fifth Amendment rights and the existence of meritorious defenses to the underlying claims.

While we recognize the subtle, technical distinctions which arguably exist between the substance of these three motions, they do not rise to the level of newly discovered evidence or reasoning which we deem sufficient to independently support a second Rule 60(b) motion.

4. However, in response to Schnure's contention that concurrent criminal proceedings prevented effective prosecution of his civil defense, we merely note in passing that a variety of procedural safeguards were available to Schnure to protect any potentially "embarrassing" information, including, for example, a protective order sealing the civil record. *See Nichols v. Philadelphia Tribune Co.,* 22 F.R.D. 89, 92 (E.D. Pa.1958). In this regard, Judge Nangle's observations were particularly appropriate:

While a defendant's concerns about self-incrimination with respect to a criminal proceeding related to the same activities as form the basis of the civil action may *partially*

explain a reluctance to comply with discovery orders, they do not explain a total failure to answer and a failure to make those concerns known to this Court.

District court order, September 19, 1979, at 2, *supra* (emphasis added).

To altogether disregard standard procedural requirements and specific court directives constitutes a blatant and willful showing of disrespect and contempt for the judicial process which we are unwilling to condone.

Despite our recognition of the harshness of dismissal, *see Fox v. Studebaker-Worthington, Inc.,* 516 F.2d 989, 993 (8th Cir. 1975), it cannot be said that given the conduct of the parties in this case, the district court abused its discretion by refusing to set aside the default judgments.

5. In affirming the judgment of the district court rather than dismissing the appeal, we, of course, find appellate jurisdiction satisfied in this case. *See, e. g., Browder v. Director, Dept. of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Kurtenbach,* 525 F.2d 1179, 1181 (8th Cir. 1975). Contrary to the assertions of Capitol's counsel, inasmuch as the instant appeal was taken from the district court order of November 7, 1980, rather than the earlier orders of May 15, 1979, and September 19, 1979, the appeal was timely filed within the thirty-day requirement of Rule 4 of the Federal Rules of Appellate Procedure.