CITY CONSUMER SERVICES,
INC., Plaintiff,

v.

David G. and Kathryn B. HORNE, et al., Defendants.

Weldon S. ABBOTT, et al., Plaintiffs,

v.

Carvel S. SHAFFER, et al., Defendants.

Civ. A. Nos. C82–0235K, C82–0628A.

United States District Court,
D. Utah, C.D.

Dec. 21, 1983.

John Ashton, Prince, Yeates, & Geldzahler, Salt Lake City, Utah, for Barclays American Corp., Richard L. Gray, Sue Birrell, and Robyn M. Brown.

LeRoy S. Axland, Larry G. Reed, Suitter, Axland, Armstrong & Hanson, Salt Lake City, Utah, for Home Savings & Loan.

William W. Barrett, Marsden, Orton & Liljenquist, Salt Lake City, Utah, for BMW Auto Leasing, Inc.

David B. Boyce, Backman, Clark & Marsh, Salt Lake City, Utah, for Homes Savings & Loan and William Cox.

Richard D. Burbidge, Burbidge, Mabey & Mitchell, Salt Lake City, Utah, for Frank & Juanita Hatch.

Duane A. Burnett, Bountiful, Utah, for defendants, Mary Jo Christensen, Sandy Winklesky, Steve Olpin and Valerie Kosta Parker.

Rulon Burton, Salt Lake City, Utah, for William Perry.

Randolph L. Dryer, Parsons, Behle & Latimer, Salt Lake City, Utah, for Frank K. Stuart, trustee.

M. Byron Fisher, Fabian & Clendenin, Salt Lake City, Utah, for Associates Financial Services of Utah.

William C. Fowler, Robert D. Rose, Roe & Fowler, Salt Lake City, Utah, for debtors, AFCO Enterprises, Inc., AFCO Development Corp. and AFCO Investment Corp.

James D. Gordon, III, Rooker, Larsen, Kimball & Parr, Salt Lake City, Utah, for plaintiff Wells.

David A. Greenwood, Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah, for City Consumer Services, Inc.

Denton M. Hatch, Christensen, Jensen & Powell, Salt Lake City, Utah, for plaintiff Bahrs.

George A. Hunt, David W. Slaughter, Snow, Christensen & Martineau, Salt Lake City, Utah, for AVCO Financial Services of Utah, Inc.

Royal K. Hunt, Salt Lake City, Utah, for Holladay Bank & Trust, David Pinney.

Dwight L. King, Salt Lake City, Utah, for Draper Bank & Trust.

Carmen E. Kipp, Kipp & Christensen, Kent B. Linebaugh, Jardine, Linebaugh, Brown & Dunn, Salt Lake City, Utah, for Foothill Thrift & Loan, Utah FirstBank, Harold E. Turley, Jr., Stanley R. Hoffman, Larry G. Grant, and Edward L. Burton, III as trustee.

William D. Marsh, Ogden, Utah, for Graham C. Shaw.

Mark C. McLachlan, David H. Schwobe, Turner, Perkins, Schwobe & McLachlan, Salt Lake City, Utah, for Keith M. Pearson.

Stephen B. Mitchell, Burbidge, Mabey & Mitchell, Salt Lake City, Utah, for Pioneer Bank and Guardian State Bank.

Jack H. Molgard, Brigham City, Utah, for plaintiff Spickermans.

Paul T. Moxley, Salt Lake City, Utah, for defendant Michael D. Wright.

Michael Neider, Mortensen & Neider, Midvale, Utah, David Young Payne, Salt Lake City, Utah, for Raymond Lambert.

Lester A. Perry, Salt Lake City, Utah, for Beehive Thrift & Loan and Robert M. Bridge.

Bennett P. Peterson, Bountiful, Utah, for DuWayne R. Swenson.

Lowell S. and Laverne Peterson, pro se.

Donald J. Purser, Richards, Brandt, Miller & Nelson, Salt Lake City, Utah, for Kenneth Taylor.

Thomas A. Quinn, Kent M. Murdock, Ray, Quinney & Nebeker, Salt Lake City, Utah, for Home Savings & Loan & William H. Cox.

Ben Rawlings, Salt Lake City, Utah, for Brad Freckleton.

Carvel R. Shaffer, Bountiful, Utah, for defendants, Carvel R. Shaffer.

Rodney G. Snow, Clyde, Pratt, Gibbs & Cahoon, Salt Lake City, Utah, for Cindy Mitchell.

Stephen G. Stoker, Fox, Edwards, & Gardner, Salt Lake City, Utah, for Janet J. Palmer.

James C. Swindler, Rooker, Larsen, Kimball & Parr, Salt Lake City, Utah, for defendant Sisam and plaintiffs Sisam and Armitage.

William T. Thurman, Jr., McKay, Burton, Thurman & Condie, Salt Lake City, Utah, for George Klinell and Clark Brown.

Mark O. VanWagoner, Lewis T. Stevens, Greene, Callister & Nebeker, Salt Lake City, Utah, for Zions First National Bank, Lockhart Co., Steve Kramer.

Craig T. Vincent, Salt Lake City, Utah, for Melvin Lancaster.

Gary A. Weston, John K. Mangum, David Swope, Nielsen & Senior, Salt Lake City, Utah, for Abbott plaintiffs.

John L. Young, Moffat, Welling & Paulsen, B. Ray Zoll, Zoll & Hall, Salt Lake City, Utah, for defendants Morrison & Middleton and plaintiffs Merrison, Stevenson, Ashton and Baer.

## MEMORANDUM OPINION AND ORDER

KANE,* District Judge.

This matter is before the court on defendants, AVCO and City Consumer Services, Inc.'s motions for order compelling discovery, production of documents, and for an award for expenses of obtaining these orders under Rule 37 F.R.Civ.P.

## PROCEDURAL HISTORY

In this consolidated action, involving over 600 plaintiffs and numerous lending institutions, plaintiffs have alleged violation of federal and state securities laws and general allegations of fraud, conspiracy, and negligent representation. This action arises from the business activities of three Afco corporations, now in Chapter XI bankruptcy, that operated a massive investment program throughout the Salt Lake City, Utah area during 1981. Afco sold promissory notes to investors which were offered through an offering circular aimed at the residents of Utah. The usual investment procedure required the investor to obtain a second mortgage on his residence by executing a trust deed in favor of the lender from which the loan was to be obtained. The proceeds, in most all instances, would be endorsed directly over to one of the three Afco entities. Afco promised its investors to make all the monthly mortgage payments to the respective lenders on behalf of the respective investors. According to the investment scheme, the investor would receive approximately a ten percent annual return on the full amount invested. Afco backed their promises to investors based on their interests in real property, but after nationwide recession and the concomitant effect on the real estate market, it simply could not keep its promises to investors. Afco collapsed, went into bankruptcy and left hundreds of investors responsible for payment of their second mortgage notes.

This action was initiated against defendants in July, 1982. The majority of plaintiffs are represented by the law firm of Nielsen & Senior. Simply put, plaintiffs complain the lenders worked hand-in-hand with Afco and that the loans plaintiffs obtained for Afco's use were orchestrated by a

* Sitting by designation.

common scheme between the lenders and Afco.

Under Rule 9(h) of the local rules of practice, counsel are required to advise the court in writing they have been unable to reach an accord on the discovery matters to be heard. Counsel for AVCO and plaintiffs have complied with respect to the AVCO motion. Affidavits and letters have been submitted reflecting the discovery matters still in dispute.

AVCO filed its motion to compel October 10, 1983. Plaintiffs filed their opposition brief November 1, 1983. The motion was set for oral argument November 21, 1983. Before the date set for hearing AVCO's motion to compel, counsel for City Consumer Services informed my office that it filed an identical motion to compel, and counsel for City and plaintiffs agreed to argue both motions at the same time. City filed its motion to compel November 14, 1983. The two motions were argued at the November 21 hearing. Plaintiffs' counsel, however, requested an opportunity to respond to City's motion. I granted this request. I received that memorandum brief opposing City's motion November 29, 1983. I also gave City five days in which to reply, which it has done. In responding to City's motion, plaintiffs' counsel has incorporated by reference in these motions his brief in opposition to AVCO's motion. Since the issues raised in this controversy by defendants' respective motions are identical, this order will be dispositive of both motions, and any subsequent motions that may be filed in this consolidated action which raise substantially the same issues as are raised here.

Thus far in this litigation, the parties have concentrated their respective efforts toward discovery matters. Unfortunately, as in any action this size, I anticipate there will be discovery disputes. The controversy here concerns plaintiffs' counsels' answers and objections to defendants' interrogatories and requests for production of documents.[1] Generally, the interrogatories and

1. The following interrogatories and requests for production of documents, and objections thereto, were submitted by AVCO to plaintiffs:

Interrogatory No. 1. Identify each and every person, by name, title and address, who made a substantive contribution to the responses provided to the following interrogatories.

Answer: Nielsen & Senior, attorneys for plaintiffs, primarily by John K. Mangum, Esq.

Interrogatory No. 2. Identify all documents in your possession or control, however obtained, whether from your files or from the files of others, referencing, relating to, constituting, or evidencing in any manner any communication between Ralph Selway and/or AVCO Financial Services of Utah, Inc., and any other defendant funding institution regarding the Afco program, any of the Afco-related defendants or in any other way substantiating your claim that Ralph Selway and/or AVCO Financial Services of Utah, Inc., or any of its agents, was knowingly involved in any conspiracy or common scheme with any other funding institutions, or their agents, designed to support or raise funds for Afco or any of the Afco-related entities or defendants.

Response: The only documents identified to-date that would fit into this category are already known to or available to attorneys for the requesting parties because said documents have been produced to these plaintiffs by said attorneys or are in possession of the Afco Trustee in Bankruptcy. See also General Objection No. 2 above.

Interrogatory No. 3. Please supplement your answers to this defendant's First Set of Interrogatories and provide in greater detail those facts relied upon to support the various claims for relief against Ralph Selway and AVCO Financial Services of Utah, Inc., and specifically those relied upon to maintain any causes of action against Ralph Selway and AVCO Financial Services of Utah, Inc., independently of any claim for relief against any other defendant funding institution.

Response: These plaintiffs have nothing to add to their earlier answers except what has already been provided by way of deposition testimony upon oral Interrogatories propounded by attorneys for the requesting parties. Attorneys for these plaintiffs have nothing to add to such earlier answers except for information obtained as a result of attending depositions in this case of which attorneys for the requesting parties have already had notice or by way of private interviews with persons having no attorney-client relationship with attorneys for plaintiffs or with attorneys for the requesting parties, which information is protected from discovery pursuant to the grounds set forth in General Objection No. 2 above.

Interrogatory No. 4. Please identify all documents in your possession or control, however acquired, whether from your own files or from the files of others and upon which you rely or intend to rely in alleging liability of Ralph Selway and/or AVCO Financial Services of Utah, Inc., under each and every claim for relief in

requests for production call for the various documents that will connect defendants

your Complaint which alleges to do so, independent of any theory or allegation of conspiracy between Ralph Selway and/or AVCO Financial Services of Utah, Inc. and any other funding institution or other defendant in this action.

Response: Plaintiffs here incorporate their Response to Interrogatory No. 2 above. Plaintiffs have not yet taken depositions of the requesting parties or other officers and employees of AVCO Financial Services of Utah, Inc., and others, and therefore, have made no final determination of which documents will be used at trial to show liability of the requesting parties under the claims for relief in the complaint.

Interrogatory No. 5. Please identify by full name, title, address, telephone number, all persons having knowledge of the facts relevant to the issues raised in the claims for relief made against Ralph Selway and/or AVCO Financial Services of Utah, Inc. As to each person identified, please indicate the issues as to which each has knowledge.

Response: These plaintiffs object to the last sentence of this Interrogatory as an attempt to impose a burden not required under the Federal Rules of Civil Procedure, except in the case of expert witnesses. These plaintiffs have not yet retained any expert witnesses, and object therefore to providing any more than the name, and where the requesting parties do not have equal access to such information, the location, of those individuals whose identity is requested by this Interrogatory. Aside from these plaintiffs to whom these Interrogatories were directed, whose depositions have already been taken, plaintiff Wayne Janssen, whose deposition has also been taken, other Afco investors whose investments were funded by AVCO Financial Services of Utah, Inc., previously identified by AVCO to attorneys for these responding plaintiffs, the only others of which plaintiffs are aware who have knowledge or are believed to have knowledge of facts relevant to issues raised in the claims against the requesting parties are those identified in a document already filed with the court entitled "Abbott Plaintiffs' List of Remaining Discovery," dated July 13, 1983, under the headings therein for "Afco personnel," "AVCO Financial Services of Utah, Inc.," and appraisers John Strasser and "Mont" Pullan. See also General Objection No. 2 above.

## REQUEST FOR PRODUCTION

1. Please produce all documents which you believe substantiate or are probative of your supplemental responses to Interrogatory No. 2 above, to the extent that these documents have not heretofore been produced to this defendant.

Response: These plaintiffs object to this request on the same grounds given in their Response to Interrogatory No. 2 above.

herein with other defendants in a conspiracy; those documents relied upon to sup-

2. Please produce all documents identified in response to Interrogatory No. 3 above, to the extent not heretofore produced to this defendant.

Response: See Response to Interrogatory No. 3 above. There are no such documents.

3. Please produce all documents identified in response to Interrogatory No. 4 above, to the extent not heretofore produced to this defendant.

Response: See Response to Interrogatory No. 4 above. These plaintiffs are presently not aware of any documents other than those referred to in their Response to Interrogatory No. 4, and object to producing those documents because the requesting parties already have them, or have equal access to the same, as explained in their Response to Interrogatory No. 4 above.

The following interrogatories and requests for production of documents, and objections thereto, were submitted by City to plaintiffs:

Interrogatory No. 2. Identify each document of which you, your legal counsel, or any other person acting on your behalf or as your agent have possession, custody, or control which document was obtained, derived, or created by copying and document in the custody and possession of Mr. Frank K. Stuart, in his capacity as Trustee in Bankruptcy of Afco Enterprises, Inc., Afco Development Corporation, Afco Investment Corporation, and Afco Leasing, Inc.

Answer: See general objections.

Interrogatory No. 3. Identify each documents [sic] you have withheld or intend to withhold from production and response to the Request for Production of Documents served herewith and with respect to each such document:

(a) provide the date of the document;

(b) identify the author of the document;

(c) identify the addressee or addresses of the document;

(d) identify the persons known to have received copies of the document;

(e) state the number of pages of the document;

(f) provide the summary of the subject matter of the document;

(g) provide a description of the document; and

(h) state the basis of the claim of privilege or other reason underlying the refusal to produce the document.

Answer: See general objections. In addition, plaintiffs have not completed their discovery and have not had an opportunity to compile an index of the documents which they obtained from the Afco Trustee in Bankruptcy.

Request No. 1. All documents identified in your responses to the Interrogatories of City Consumer Services, Inc., served herewith.

Response: See general objections.

port plaintiffs' claims against defendants individually, and the names of persons having knowledge of facts relevant to issues raised in the claims for relief.

The documents in dispute raised by this motion are the business records of the Afco corporations. Those records are presently in the possession and control of Afco's trustee in bankruptcy in the bankruptcy court for the central division of Utah.

The record discloses that when the bankruptcy court received Afco's records their general condition was disorganized, making discernment of pertinent documents virtually impossible. There are over 80,000 documents which constitute Afco's business records.

Realizing the condition of the records, some plaintiffs and various defendants, including City, made proportional financial contributions to the bankruptcy trustee for the purpose of employing legal assistants to aid in the organization and indexing of the records.

According to the record, the index that was created by the legal assistants consisted of approximately 1,200 pages. After this task was accomplished, the respective parties to this motion reviewed and copied thousands of documents contained in Afco's records. The attorney for City, Stephen Marshall, found the records to be haphazardly stored and generally felt there was tremendous disorder in their organization.

City and AVCO seek to discover those documents that were copied and compiled by plaintiffs' counsel. Plaintiffs oppose their motions and take the position that the documents copied and compiled are immune from discovery because they are the result of the attorney's work product; that the documents are protected by the copyright laws; that defendants had equal access and ability to review Afco's records; and that the documents that plaintiffs' counsel copied fall within the contemplation of the 1983 amendment to Rule 26(b)(1) Fed.R.

Civ.P. and, therefore, should not be made subject to discovery. Plaintiffs' counsel propose an exchange of these documents just prior to or at the time of entry of the pretrial order.

Defendants disagree. They take the position that the answers they have received from their interrogatories are not satisfactory or adequate and that plaintiffs' refusal to provide the materials requested by the interrogatories is an unwarranted expansion of the discovery limitations provided by Rule 26 Fed.R.Civ.P.

## THE ATTORNEY WORK PRODUCT

"The scope of discovery under the Federal Rules of Civil Procedure is to be liberally construed so as to provide both parties with information essential to proper litigation on all the facts." *Patton v. Southern Bell Telephone and Telegraph Company,* 38 F.R.D. 428, 429 (N.D.Ga.1965) (citations omitted).

I note that the rules of discovery embraced by the Federal Rules of Civil Procedure were instituted to serve substantial justice and fairness to parties involved in litigated disputes. The discovery tools enjoyed by the parties make possible, and indeed encourage, disclosure of all facts underlying a dispute, consistent with accepted and recognized areas of privilege. One side should not be forced to prepare his case in a vacuum of factual data that he may have been constrained to gather from guarded and protected sources of facts; and neither should a party enjoy the fruits of the preparatory work of the other without a proper showing of need. Mindful of these considerations, I will address plaintiffs' contention that the materials sought to be discovered by defendants are not discoverable on account of the attorney work product rule, and other grounds as well.

■ The attorney work product rule was articulated in *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), and

Request No. 2. All other documents mentioned, referred to, or relied on in your response to any of the Interrogatories of City Consumer Services, Inc., served herewith.

Response: See general objections.

later codified in Rule 26(b)(3) Fed.R.Civ.P. It prevents discovery of the work product of the attorney, which includes his mental impressions, conclusions, opinions, or legal theories. The Supreme Court in *Hickman v. Taylor* defined the work product of the attorney as consisting of a variety of elements that are operative in the preparation of a client's case:

> Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests. This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways—aptly though roughly termed by the Circuit Court of Appeals in this case as the 'work product of the lawyer.' Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own.

*Id.* at 511, 67 S.Ct. at 393. The attorney's work product is "the result of a basic professional relationship between the lawyer and the party, or it must have required the training, skill and knowledge of a lawyer, or the essential integrity implicit in the lawyer-client relationship," *United States v. Anderson,* 34 F.R.D. 518, 521 (D.Colo.1963), and "[t]he protection afforded a 'work product' is limited to items obtained or produced by the lawyer which involves his professional skill and experience." *Zucker v. Sable,* 72 F.R.D. 1, 3 (S.D.N.Y.1975) (citations omitted). The relevant portion of Rule 26(b)(3) that provides protection from discovery of the attorney work product is set forth as follows:

> (3) Trial preparation: Materials. Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

The parties here agree that the materials in dispute are the business records of Afco. Both sides have thus far independently scrutinized the records during this pretrial discovery phase of the litigation. As a result of their discovery efforts several thousands of documents have been compiled and copied by both sides. As mentioned, the number of documents number approximately 80,000 and occupy 40 file cabinets. Each side has copied those documents they deemed necessary to establish claims and defenses. Defendants seek to exchange their discovery material, derived from Afco's records, with those retained by plaintiffs to avoid duplication, surprise, and prejudice. Defendants contend they do not seek the attorney work product of plaintiffs' counsel, and take the position that the invocation of the attorney work product rule as a shield from discovery is an unmerited expansion of Rule 26(b)(3). I agree.

The claims contained in plaintiffs' complaint generally focus on the nature of the loans Afco's investors obtained from the respective lenders named as defendants herein. Logically, the focus of discovery is being concentrated on the loan transactions and investment agreements. None of the parties here dispute the relevance of such documentation which would otherwise be

discoverable under Rule 26(b)(1); that is, the documentation is reasonably calculated to lead to the discovery of admissible evidence. Therefore, I find that the disputed materials which constitutes the business records of Afco are necessary for the exposition of the issues involved in this action. But whether they are discoverable under Rule 26(b)(3) is the issue which must be determined.

■ The party seeking the protection of Rule 26(b)(3) must satisfy three tests: (1) the material must be documents and tangible things, (2) prepared in anticipation of litigation or for trial (3) by or for another party or by or for that party's representative. *See Feldman v. Pioneer Petroleum, Incorporated,* 87 F.R.D. 86, 88 (W.D.Okl. 1980).

The disputed materials are documents and tangible things and have been compiled by plaintiffs' counsel on behalf of plaintiffs herein. Thus, two tests have been satisfied for protection under Rule 26(b)(3). Whether the "documents and things" have been prepared by plaintiffs' counsel in anticipation of litigation or for trial must now be determined.

■ Afco's business records reflect the business life of a corporate entity (or entities) encompassing over a decade of business activities conducted throughout the Salt Lake City, Utah area. These records establish fixed dates and events, neutral things already done and transpired, details that can show legal liability, and episodes and circumstances fixed in time. As such, there is no work product immunity for them. *See APL Corporation v. Aetna Casualty & Surety Company,* 91 F.R.D. 10, 15 (D.Md.1980), citing 8 Wright and Miller, Federal Practice and Procedure, § 2024, at 198–99 (1970) and Advisory Committee Notes to the 1970 Amendments to the Federal Rules, 48 F.R.D. 487, 501 (1970); *Ashmead v. Harris,* 336 N.W.2d 197, 200 (Iowa 1983) (discussing Rule 26(b)(3) and its application to business records). *See also Duplan Corporation v. Deering Milliken, Incorporated,* 397 F.Supp. 1146, 1199–1200 (S.C. 1975). Therefore, I conclude that the mate-

rial sought to be discovered by defendants from plaintiffs counsel is not protected by the work product rule under *Hickman v. Taylor* or Rule 26(b)(3) of the Federal Rules of Civil Procedure.

### EQUAL ACCESS TO MATERIAL

■ Plaintiffs counsel objected to defendants' discovery requests of Afco records on the additional ground that defendants had equal access to them through Afco's trustee in bankruptcy. This argument is not persuasive. It is "not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record." *See Petruska v. Johns-Manville,* 83 F.R.D. 32, 35 (E.D.Pa.1979), citing 8 Wright and Miller, Federal Practice and Procedure § 2014 at 111 (1970).

### COPYRIGHT PROTECTION

■ For additional support that plaintiffs' counsel's selected compilation of Afco's business records are not discoverable, it is asserted that the compilation is worthy of protection under the copyright laws because it can be considered as an original work. This assertion is also unpersuasive and not relevant here.

Seventeen U.S.C. § 101 sets forth the definition of compilation as follows: "A 'compilation' is a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship. The term 'compilation' includes collective works." From the above definition, it appears that plaintiffs' counsel's compilation of Afco's records is worthy of protection under the copyright laws, and it would be anathema to this court to allow infringement of a copyrighted work by ordering disclosure to defendants so they may copy them. I must state at this juncture, however, that I am somewhat familiar with the prosecution and defense of litigated claims in a variety of contexts. While not attempting to become hortatory in this order by suggesting to defendants the appro-

priate defense to an infringement claim, I cannot escape the obvious conclusion that to place this disputed material under defendants' searching eyes may constitute fair use. Use of a copyrighted work for scholarship and research does not constitute infringement. *See* 17 U.S.C. § 107 (1976). Moreover, the "fair use doctrine serves to balance the author's right in his creation with the public's interest 'in dissemination of information of universal concern.'" *See Dow Jones & Company, Incorporated v. Board of Trade of the City of Chicago,* 546 F.Supp. 113, 119 (S.D.N.Y.1982). *Cf. Duplan Corporation v. Deering Milliken, Incorporated, supra,* at 1199–1200. I do find the disputed material in this instance, qua copyright work, is discoverable. *See Detective Comics v. Fawcett Publications,* 4 F.R.D. 237, 239 (S.D.N.Y.1944).

## 1983 AMENDMENT TO RULE 26(b)(1)

As a final argument, plaintiffs' counsel contend that the discovery material requested by defendants' second set of interrogatories and third request for production of documents falls within the contemplation of the 1983 Amendment to Rule 26(b)(1), Fed.R.Civ.P. Generally, the amendment encourages parties to reduce repetitive discovery and to maximize utilization of discovery materials. The amendment also encourages greater judicial involvement. The amendment declares:

> The frequency or extent of use of the discovery methods set forth in subdivision (a) shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation. The court may act upon its own initiative after reasonable notice or pursuant to a

motion under subdivision (c). *See* U.S.C. A.Supp. Sept. 1983.

Plaintiffs' counsel argues that defendants can obtain the requested material from Afco's trustee because they have the same access as plaintiffs' counsel and it would be proper for defendants to bear that burden in light of the new amendment.

Defendants contend their position is in line with the new amendment. They have already amassed thousands of copied documents and assert that it would not be more convenient, less burdensome, or less expensive to sift through some 80,000 documents and attempt to discern additional documents that may have relevance to their cases.

I find that the amendment is applicable to the discovery requests in this instance, and that the spirit of the amendment compels me to conclude that the parties in this consolidated action should do everything possible to limit the frequency and extent of use of the discovery methods they now employ. I have already determined that the disputed documents are discoverable; that they are not protected by the attorney work product rule; that the equal access argument cannot justify resistance to discovery in this instance; and that the copyright protection afforded a document compilation of evidentiary facts, if any, is not relevant to this action. I have considered the number of plaintiffs and defendants and the complexity of issues involved in this action in reaching my decision here. I have also considered the purpose for which the discovery rules were created; and that is, to uncover the facts in areas where it is appropriate to do so, allow the parties their day in court, and efficiently administer justice. Fairness to the parties demands nothing less. For the foregoing reasons, plaintiffs' counsel's objections to interrogatories and requests for production of documents under Rule 26(b)(1), as amended, are overruled.

I believe it would be helpful to the parties to take cognizance of the Notes of Advisory Committee on Rules in its discus-

sion, in part, of the recent amendment to Rule 26(b)(1), effective August 1, 1983.

The first element of the standard, Rule 26(b)(1)(i), is designed to minimize redundancy in discovery and encourage attorneys to be sensitive to the comparative costs of different methods of securing information. Subdivision (b)(1)(ii) also seeks to reduce repetiveness and to oblige lawyers to think through their discovery activities in advance so that full utilization is made of each deposition, document request, or set of interrogatories. The elements of Rule 26(b)(1)(iii) address the problem of discovery that is disproportionate to the individual lawsuit as measured by such matters as its nature and complexity, the importance of the issues at stake in a case seeking damages, the limitations on a financially week [sic] litigant to withstand extensive opposition to a discovery program or to respond to discovery requests, and the significance of the substantive issues, as measured in philosophic, social, or institutional terms. *Id.*

Therefore, AVCO's motion to compel and request for production of documents is granted in part and denied in part. It is

ORDERED that plaintiffs' objections to AVCO's interrogatories numbers two, three and four are overruled, and plaintiffs' shall answer interrogatories two, three, and four to the fullest extent possible consistent with this order. It is further

ORDERED that plaintiffs' objection to AVCO's interrogatory number five is sustained and that portion of AVCO's motion is denied. It is further

ORDERED that plaintiffs' objection to AVCO's request for production of documents numbers one, two, and three are overruled, and plaintiffs' shall provide the requested documents to the fullest extent possible. It is further

ORDERED that plaintiffs' objections to City's interrogatories numbers two and three are overruled, and plaintiffs' shall answer them to the fullest extent possible consistent with this order, as modified.[2] It is further

ORDERED that plaintiffs' objections to City's request for production of documents numbers one and two are overruled and plaintiffs' shall provide the requested documents to the fullest extent possible.

No costs shall be assessed.

---

2. Plaintiffs' shall answer City's interrogatory number two as modified herein:

Identify each document you have withheld or intend to withhold from production and response to request for production of documents served herewith.