**Geoffrey ENNIS, a minor, By and Through his Guardian Ad Litem, Duncan A. McMILLAN, Ellen Ennis, and Robert Ennis, Plaintiffs,**

v.

**ANDERSON TRUCKING SERVICE, INC., and Jack Eugene Cogley, Defendants.**

No. 90–674–CIV–5–BO.

United States District Court,
E.D. North Carolina,
Raleigh Division.

Oct. 16, 1991.
As Amended April 10, 1992.

John R. Edwards, Raleigh, N.C., for plaintiffs.

David Paul Sousa, Dana H. Davis, Raleigh, N.C., for defendants.

## PROTECTIVE ORDER

ALEXANDER B. DENSON, United States Magistrate Judge.

THIS CAUSE is now before the court on the defendants' Motion for Protective Order and Motion for Expedited Consideration. The court heard oral argument on the motions by conference telephone call on October 16, 1991 at which the defendants were represented by David P. Sousa and Dana H. Davis and the plaintiffs were represented by John R. Edwards. Plaintiffs orally waived their right to file a written response to these motions in order to allow the court to make an expedited ruling.

The motions arise in the context of a deposition noticed by plaintiffs of Tim Heerdt on October 10, 1991, to take place on October 17, 1991 at St. Cloud, Minnesota. Defendants seek a protective order to prevent the disclosure at the deposition of four documents which they contend are attorney work product and protected from disclosure by Fed.R.Civ.P. 26(b)(3).

The action arises from a motor vehicular collision on November 19, 1987 when plaintiff's vehicle struck a tractor-trailer rig owned by defendant Anderson Trucking and being driven by defendant Cogley.

The documents in question, which have been reviewed by the undersigned in-camera, are: 1) Accident Prevention Report; 2) a letter dated January 14, 1988 from Tim Heerdt, Anderson Trucking's Safety Supervisor, to the driver, Jack Cogley; 3) a two-page Driver's Accident Report; and 4) a two-page Incident Report from Anderson Trucking to its liability carrier.

*Discussion of Law*

 The work product doctrine, found in Fed.R.Civ.P. 26(b)(3), was adopted in 1970 to codify the rule formulated in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) that attorney work product would be accorded a limited immunity from discovery. *Joyner v. Continental Insurance Companies*, 101 F.R.D. 414, 415 (S.D.Ga.1983). The burden is on the party asserting it to establish three things: (1) that the material sought to be withheld from disclosure consists of documents or tangible things, (2) prepared in anticipation of litigation or for trial, (3) by or for another party or by or for that party's representative. *City Consumer Services, Inc. v. Horne*, 100 F.R.D. 740, 747 (D. Utah 1983). If the doctrine is found to exist, the party seeking discovery may overcome it if he can establish a "substantial need" for it and that "undue hardship" would result from nondisclosure. *State Farm Fire and Casualty Co. v. Perrigan*, 102 F.R.D. 235, 237 (W.D.Va.1984).

 Apparently the documents at question here were generated before the defendants hired an attorney and before the plaintiff's filed a complaint. The court makes this assumption. If it is incorrect, any party may file for reconsideration of this decision, attaching evidence of the correct statement of facts. Initially the inquiry arises as to whether documents generated before an attorney was consulted can possibly be "attorney" work product.

A respected authority, Professor Sherman L. Cohn, has published a comprehensive analysis of this area of the law in an article entitled "The Work–Product Doctrine: Protection, Not Privilege," *The Georgetown Law Journal*, Vol. 71, number 3, p. 917, et seq. (February, 1983). In it, Professor Cohn categorizes the case law of what "anticipation of litigation" means into a continuum of five factual situations. On one end is the situation in which litigation

has begun and the party retains an attorney who directs an investigation. Documents generated in that setting are entitled to the work-product privilege and cannot be discovered, absent a showing of "substantial need" and "undue hardship." On the other end of this continuum is the situation in which no litigation has commenced and no specific incident has yet occurred which might give rise to litigation, but from the factual situation, the party reasonably believes that there is a good possibility that an incident may occur which will result in litigation and begins an investigation with or without consulting counsel. Cohn concludes that in this latter case, documents generated are discoverable and not entitled to work-product privilege. He argues that documents prepared before there exists a cause of action with identifiable parties are not entitled to work-product privilege and are discoverable.

Here, the documents were generated after the cause of action (the collision) arose but before defendants' consultation with counsel and before suit had been filed.

One line of cases follows an early decision, *Thomas Organ Co. v. Jadranska Plovidba*, 54 F.R.D. 367 (N.D.Ill.1972) which held that no document prepared before consultation with an attorney may be deemed to have been prepared in anticipation of litigation, and thus Rule 26(b)(3) protection may never be accorded such documents. On the other hand, another line of cases holds that documents prepared after a specific claim has arisen *may* be accorded work product protection, even if litigation has not commenced and even if no attorney has been consulted. *Almaguer v. Chicago Rock Island & Pacific Railroad*, 55 F.R.D. 147 (D.Neb.1972); *American Optical Corp. v. Medtronic*, 56 F.R.D. 426 (D.Mass 1972).

The Fourth Circuit has quoted from *Thomas Organ*, but has not specifically adopted it. *McDougall v. Dunn*, 468 F.2d 468, 473 (4th Cir.1972).

The undersigned concludes that documents generated before the generating party has consulted an attorney and before litigation has commenced, but after a cause of action has arisen *may* be accorded Rule 26(b)(3) protection, but the party seeking protection of documents must establish that they were prepared in "anticipation of litigation." Necessarily, much depends upon the specific facts of the case.

 In reviewing these documents, in-camera, the undersigned concludes:

1) *Accident Prevention Report*—As the title of this document suggests, it was prepared not in anticipation of litigation, but for safety purposes in preventing future accidents.

2) *Letter dated January 14, 1988 from Tim Heerdt, Safety Supervisor to Jack E. Cogley*—This letter was written to inform the employee of his status after the collision. It was obviously *not* written in anticipation of litigation.

3) *Driver's Accident Report*—This appears to be a form regularly required by the defendant Anderson Trucking of its drivers involved in accidents. There is nothing to suggest that it was prepared in anticipation of litigation.

4) *Anderson Trucking's Incident Report*—This appears to be a report from defendant Anderson Trucking to its liability insurer. A liability insurer is concerned with payment of sums to which the insured is adjudged liable, or in settlement before that adjudication. That clearly contemplates litigation. The court concludes that this report *was* prepared in anticipation of litigation.

Thus, in summary, the Motion for Expedited Consideration IS ALLOWED and the defendants' Motion for Protective Order IS ALLOWED as to Anderson Trucking's Incident Report to its insurer and DENIED as to the other documents.

SO ORDERED.